Cerrato-Barahona v. Blanche

Conroy, IJ
A200 566 004

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31st day of July, two thousand twenty-six.

PRESENT:
> GUIDO CALABRESI,
> SARAH A. L. MERRIAM,
> > *Circuit Judges,*
> LEWIS J. LIMAN,
> > *District Judge.**

_____

GERMAN ALEJANDRO CERRATO-BARAHONA,

> *Petitioner,*

> v.                                            **22-6349**

TODD BLANCHE, ACTING UNITED
STATES ATTORNEY GENERAL,

_____

* Judge Lewis J. Liman, of the United States District Court for the Southern District of New York, sitting by designation.

*Respondent.*

_____

FOR PETITIONER:          XAVIER A. PALACIOS, Palacios Law Group,
                         Mineola, NY.

FOR RESPONDENT:          MARIE V. ROBINSON, Attorney, Office of
                         Immigration Litigation (Cindy S. Ferrier,
                         Assistant Director, *on the brief*) *for* Brett A.
                         Shumate, Assistant Attorney General, Civil
                         Division, U.S. Department of Justice,
                         Washington, DC.

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner German Alejandro Cerrato-Barahona, a native and citizen of Honduras, challenges a June 21, 2022, decision of an immigration judge ("IJ") in reasonable fear proceedings arising from the June 2019 reinstatement of his removal order. *In re Cerrato-Barahona,* No. A200 566 004 (Immigr. Ct. N.Y.C. June 21, 2022). The facts and procedural history of this case, together with a tandem case, *Castejon-Paz v. Bondi,* No. 22-6024, are recounted in our prior opinion. *Castejon-Paz v. Bondi,* 143 F.4th 116, 118 (2d Cir. 2025). We recite them here only as necessary to resolve the issues in this appeal.

Upon our first review, the Government moved to dismiss the petition as untimely under 8 U.S.C. § 1252(b)(1), claiming that Petitioner's failure to appeal

within thirty days of his reinstated order deprived this Court of jurisdiction to hear his appeal. While our decision was pending, the Supreme Court held, in *Riley v. Bondi*, that § 1252(b)(1)'s filing deadline was a "claims-processing rule" rather than a mandatory jurisdictional rule. 606 U.S. 259, 275 (2025). Accordingly, and since the Government waived application of the filing deadline as to Cerrato-Barahona's petition, we found that we had jurisdiction and ordered briefing on the merits. *Castejon-Paz*, 143 F.4th at 119.

In its briefing on the merits, the Government raised a new jurisdictional issue. The statutes governing judicial review of immigration proceedings provide that federal courts of appeals lack jurisdiction to review orders denying withholding-only relief "except as part of the review of a final order of removal." Foreign Affairs Reform and Restructuring Act of 1998 § 2242(d), 112 Stat. 2681-822, note following 8 U.S.C. § 1231. Since Petitioner's appeal is limited to his withholding-only determinations, the Government argues that we do not have jurisdiction. Petitioner did not reply to this argument.

The jurisdictional question posed by the Government is the subject of a rapidly deepening circuit split,[1] and is a question which we have not yet directly

---

1. The Ninth and Eleventh Circuits have agreed that they lack jurisdiction to hear CAT

answered.[2] The question is complex, and is one which we are hesitant to reach without the benefit of full briefing and argument.

It is also unclear whether Petitioner could, or would, amend his appeal to challenge his final order of removal: While he has not sought permission to do so, a simple amendment to his plea could resolve this jurisdictional question entirely. See *Riley v. Bondi*, 180 F.4th 187, 193-95 (4th Cir. 2026) (granting leave to amend so that a petitioner challenging only his withholding-only relief may raise a nominal challenge to his final removal order, and finding this sufficient to confer jurisdiction). And it is unclear whether the Government would take issue with

claims independent of challenges to final orders of removal, *see Navarrete v. Bondi*, 170 F.4th 1214, 1221 (9th Cir. 2026); *Hayles v. U.S. Att'y Gen.*, 179 F.4th 872, 881 (11th Cir. 2026), while the Third and Fourth Circuits have agreed that they have jurisdiction in such cases. *See Laureano v. Att'y Gen.*, 177 F.4th 453, 465 (3d Cir. 2026); *Riley v. Blanche*, 180 F.4th 187, 200 (4th Cir. 2026).

2.      The Fourth Circuit recently found jurisdiction and described a precedent of this court as finding no jurisdiction to review withholding-only relief. *See Riley*, 180 F.4th at 193 (citing *Bhaktibhai-Patel v. Garland*, 32 F.4th 180, 190 n.13 (2d Cir. 2022), *abrogated on other grounds by Riley v. Bondi*, 606 U.S. 259 (2025)). Such a holding would place us with the Ninth and Eleventh circuits in the circuit split. We do not so read our own precedent. In *Bhaktibhai-Patel*, as here, the petitioner appealed only his withholding and CAT relief, but that was not the basis on which the Court found that it lacked jurisdiction. Instead, that panel considered whether the final order of removal or reinstated order of removal could constitute the foundation of the petitioner's appeal, despite passage of the (then-jurisdictional) thirty-day deadline. That inquiry meant that, even though not explicitly raised in the petition for review or substantively challenged in any way, the existence of an appealable final order of removal would confer jurisdiction on our Court to review any aspect of the deportation proceedings "zipped" together by 8 U.S.C. § 1252(b)(9), including his withholding-only proceedings. We conclude that this issue is still open in this circuit.

that, too—that is, whether the Government would argue that a petitioner must raise a substantive, colorable challenge to the final order of removal in order to secure jurisdiction, or whether it would be enough for a petitioner merely to name the final order of removal in the petition to protect the right to appeal the withholding-only determination.

With so many uncertainties, we decline the Government's invitation to enter the fray. Where "the jurisdictional constraints are imposed by statute, not the Constitution, and . . . the jurisdictional issues are complex and the substance of the claim . . . plainly without merit," it is appropriate to assume jurisdiction *arguendo* and proceed to the merits. *Ivanishvili v. U.S. Dep't of Just.*, 433 F.3d 332, 338 n.2 (2d Cir. 2006). We therefore assume jurisdiction to consider the merits in this case.

\* \* \* \*

We review fact-finding "under the substantial evidence standard," and [w]e review *de novo* questions of law." *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018); *see also Urias-Orellana v. Bondi*, 607 U.S. 537, 543 n.1, 545 (2026). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

"The alien shall be determined to have a reasonable fear of persecution if

5

the alien establishes a reasonable possibility that he or she would be persecuted on account of his or her race, religion, nationality, membership in a particular social group, or political opinion." 8 C.F.R. § 208.31(c). To demonstrate that persecution (past or prospective) bears a nexus to an applicant's political opinion, "[t]he applicant must . . . show, through direct or circumstantial evidence, that the persecutor's motive to persecute arises from the applicant's political beliefs," rather than merely from the persecutor's own opinion. *Zhang v. Gonzales*, 426 F.3d 540, 545 (2d Cir. 2005). "The persecution may also be on account of an opinion *imputed* to the applicant by the persecutor, regardless of whether or not this imputation is accurate." *Hernandez-Chacon v. Barr*, 948 F.3d 94, 102 (2d Cir. 2020). "[T]o qualify as a 'political opinion,' an opinion must involve some support for or disagreement with the belief system, policies, or practices of a government and its instrumentalities; an entity that seeks to directly influence laws, regulations, or policy; an organization that aims to overthrow the government; or a group that plays some other similar role in society." *Zelaya-Moreno v. Wilkinson*, 989 F.3d 190, 199–200 (2d Cir. 2021) (internal citations omitted).

Petitioner argues that the IJ erred by failing to consider whether the gang members who harmed him were motivated by his actual or imputed anti-gang

6

political opinion, as demonstrated by an escalation of violence against him after he resisted extortion efforts. Petitioner testified that gang members extorted him after he started a small business because they wanted his money. After he closed the business and no longer had the ability to pay, they assaulted him and threatened to harm his family.

Petitioner never articulated a claim premised on an anti-gang political opinion to the agency and thus such a claim is not exhausted. *See Vera Punin v. Garland*, 108 F.4th 114, 124 (2d Cir. 2024) ("[W]hen an argument made to this Court cannot be closely matched up with a specific argument made to the [agency], it has not been properly exhausted and we cannot hear it.").

In any event, his testimony did not establish such a claim. First, Petitioner has not shown that his resistance to extortion efforts "took on a political dimension by transcending mere self-protection." *Zelaya-Moreno*, 989 F.3d at 203 (internal citation and quotation marks omitted). Second, he did not show that he failed to pay for reasons other than lack of resources. And third, he failed to show that the gang harmed him for any other reason than to increase its wealth.

The IJ also did not err in finding that Petitioner did not show "a reasonable possibility" that he would be tortured by or with the acquiescence of a government

7

official. 8 C.F.R. §§ 208.31(c), 1208.18(a)(1). "A *private* actor's behavior can constitute torture . . . without a government's specific intent to inflict it if a government official is aware of the persecutor's conduct and intent and acquiesces in violation of the official's duty to intervene." *Pierre v. Gonzales*, 502 F.3d 109, 118 (2d Cir. 2007). "Acquiescence requires that the public official, prior to the activity constituting torture, have awareness of such activity and thereafter breach his or her legal responsibility to intervene to prevent such activity." *Quintanilla-Mejia v. Garland*, 3 F.4th 569, 592 (2d Cir. 2021) (internal citation and quotation marks omitted).

Petitioner contends that the IJ applied an incorrect standard by requiring that officials who acquiesce in torture also have a specific intent to torture. But, in fact, the IJ discussed specific intent only in the context of finding that Petitioner had not shown likely torture by government officials directly. The IJ did not look to intent in the context of acquiescence. Similarly, Petitioner's claim that the IJ incorrectly held that evidence of government efforts to combat gang violence foreclosed an acquiescence finding fails. The IJ made no such error but instead reasonably relied both on evidence of government efforts to combat gang extortion, despite limited success, and the total absence of evidence of such

acquiescence in gang extortion or torture. *See Quintanilla-Mejia,* 3 F.4th at 593–94.

We have considered Petitioner's other arguments and find them to be without merit.

For these reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe
Clerk of Court